**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Civil Action No.:**

| | | |
|---|---|---|
| ROGER JOLLIS, *on behalf of himself and all others similarly situated*, | ) ) ) | |
| Plaintiff, | ) ) | **CLASS ACTION COMPLAINT** |
| v. | ) ) | |
| BLUE HILLS THERAPEUTICS, INC, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

Plaintiff Roger Jollis ("Plaintiff" or "Mr. Jollis") brings this Class Action Complaint and Demand for Jury Trial against Defendant Blue Hills Therapeutics, Inc. ("Defendant") and alleges as follows:

1. Telemarketing calls and messages are intrusive. A great many people object to these communications, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was enacted in response to American consumers' "outrag[e] over the proliferation of intrusive, nuisance calls to their homes from telemarketers," and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms." *Id*. §§ 2(6); (9).

2. Congress enacted the TCPA to protect Americans from incessant invasions of privacy that plainly caused harm, and in doing so empowered each person to protect their own personal rights. Violations are clear, as is the remedy. One result of the TCPA was the national Do-Not-Call Registry maintained by the Federal Trade Commission ("FTC"). *See* 47 CFR §

1

64.1200(c)(2); 16 C.F.R. § 310.4(b)(iii)(B) ("It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to…initiat[e] any outbound telephone call to a person when [their] telephone number is on the [Registry], maintained by the [FTC]). In short, if a person wishes to no longer receive telephone solicitations, they can add their telephone number to the Registry; then, the TCPA restricts the telephone solicitations that can be made to that number. *Id*.; *see also* 16 C.F.R. § 310.4(b)(iii)(B). Accordingly, Congress created a private right of action under the TCPA for any person who receives telephone solicitations despite their number being listed on the Do-Not-Call Registry. 47 U.S.C. § 227(b)(3). Claimants may seek injunctive relief, monetary damages, or both. *Id*.

3. Accordingly, The Plaintiff bring this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendant violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as calling people who had previously asked to no longer receive such communications.

## PARTIES

4. Plaintiff is an individual, who at all relevant times, has been a citizen and resident of Oakland County, Michigan.

5. Defendant Blue Hills Therapeutics, Inc. is a Massachusetts Incorporation whose principal place of business is also located in Massachusetts.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.      This Court has general personal jurisdiction over Defendant because they regularly conduct business in this District, and their principal place of business in this District.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated and sent to individuals from this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## BACKGROUND

**A. The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9.      The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B. The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

13. The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

15. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. I*n the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

16. To engage in telemarketing, a company's do not call list procedures must satisfy six specific minimum requirements. 47 C.F.R. §§ 64.1200(d)(1)-(6). Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

17. This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

18. Courts across the country have held that the 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations

promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4), including for example claims under 47 C.F.R. § 64.1200(d).

## FACTUAL ALLEGATIONS

19. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. Plaintiff's telephone number, (970) XXX-XXXX, is a residential, non-commercial, cellular telephone number not associated with any business.

21. Plaintiff uses the number for personal, residential, and household reasons.

22. Plaintiff's telephone number has been on the National Do Not Call Registry since approximately 2003.

23. On or about October 2, 2024, Plaintiff received a telephone call from Defendant attempting to sell him a back brace.

24. The October 2 phone call made by an agent of Defendant was made with the intent to encourage the Plaintiff to purchase a back brace, fitting the definition of a "telephone solicitation" under the TCPA.

25. The October 2 phone call focused on promoting this back brace and encouraging Plaintiff to purchase this back brace, which is considered a product being sold, qualifying it as a telemarketing call.

26. Plaintiff did not have an established business relationship with the Defendant regarding the purchase of a back brace or any other product.

27. Plaintiff had not given prior express permission to receive marketing calls from Defendant for back braces or any other product, disqualifying it from the exceptions under the TCPA.

28. At the time Plaintiff received the Solicitation, Defendant was not a tax-exempt nonprofit organization.

29. Upon information and belief, at the time Plaintiff received the Solicitation, Defendant employed more than ten full- or part-time direct employees.

30. In response to the October 2 phone call, Plaintiff advised Defendant to stop contacting him as he is on the National Do Not Call list.

31. Yet he kept receiving phone calls. Following the phone call from October 2, 2024, Plaintiff began receiving additional telephone solicitations. He has received such phone calls on at least October 3, October 4, October 5, October 6, October 7, October 8, October 9, October 10, October 11, October 15, October 16, October 17, October 18, October 21, and October 22.

32. On several of these occasions, Mr. Jollis spoke to a representative of Defendant, and they again attempted to encourage Plaintiff to purchase either a back brace or a leg brace. These constituted "telephone solicitations" under the TCPA.

33. Mr. Jollis consistently requested Defendant to stop calling; however, the calls continued.

34. Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## **CLASS ACTION ALLEGATIONS**

35. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

36. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.
>
> **Internal DNC Class:** All persons in the United States whose (1) previously requested that their telephone numbers no longer be called at least 31 days previously, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Defendant' goods or services, (3) within a 12- month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

37. **Numerosity:** Plaintiff is unable to provide a specific number of members of the Class because that information is solely in possession of Defendant. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendant's business records. Upon information and belief, there are thousands, if not tens of thousands of putative class members due to the *en masse* nature of telemarketing campaigns. The Class is therefore so numerous that joinder of all members would be impracticable.

38. **Typicality:** Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant' telemarketing calls and Class members sustained similar injuries as a result of Defendant's uniform illegal conduct.

39. **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to

vigorously prosecute this Action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

40. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications. Common questions for the Class include, but are not necessarily limited to, the following:

    a. Whether Defendant should be held liable for violations on their behalf;

    b. Whether Defendant sent text messages after individuals had requested to no longer receive such messages; and,

    c. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

41. **Superiority:** Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single form simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

42. In addition to satisfying the prerequisites of Fed. R. Civ. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under Fed. R. Civ. P. 23(b) because:

    a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

    c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and,

    d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CLAIM FOR RELIEF
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to

9

Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

45. Defendant's violations were negligent, willful, or knowing.

46. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

47. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CLAIM FOR RELIEF**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the Internal Do Not Call Registry Class)**

48. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

49. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal l Do Not Call Class despite previously requesting that such calls stop.

50. Defendant's violations were negligent, willful, or knowing.

51. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Internal DNC Class, respectfully request that the Court enter judgement against Defendant for:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. Certification of the Classes as alleged herein;

C. Appointment of Plaintiff as representative of the Classes;

D. Appointment of the undersigned as counsel for the Class;

E. Damages to Plaintiff and members of the Classes pursuant to 47 U.S.C. § 227(c)(5); and,

F. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich

                Paronich Law, P.C.
                350 Lincoln Street, Suite 2400
                Hingham, MA 02043
                (508) 221-1510
                anthony@paronichlaw.com